IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES CALVIN TYLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 110-066 |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 7).[1] The Magistrate Judge recommended that Plaintiff's case be dismissed without prejudice because Plaintiff failed to return the forms necessary to make a decision concerning his request to proceed *in forma pauperis* ("IFP"). (Doc. no. 5.) Plaintiff argues that his case should not be dismissed because his status as an inmate at a county jail has prevented him from being able to return his IFP forms. (Doc. no. 7-1.) Specifically, Plaintiff contends that as a county jail inmate at the Charles B. Webster Detention Center in Augusta, Georgia, he does not have a trust fund account, and therefore was unable to return the Trust Fund

---

[1] Plaintiff did not label the document in which he argues against the dismissal of his case as an objection. (Doc. no. 7-1.) Nevertheless, in light of the nature of the argument made therein – that his case should not be dismissed as recommended by the Magistrate Judge – the Court will construe it as an objection to the Magistrate Judge's September 16, 2010 R&R. The **CLERK** is **DIRECTED** to modify the docket accordingly.

Account Statement form required by the Court to determine whether he should be granted IFP status. (Doc. no. 7-1.)

Having reviewed Plaintiff's objection, the Court concurs with the Magistrate Judge that dismissal without prejudice is appropriate. This is not the first time a prisoner at the Charles B. Webster Detention Center has requested permission from this Court to proceed IFP, and in the past such prisoners were able to submit a statement attesting that no funds were available from which to withdraw an IFP fee. See, e.g., Beard v. Strength, CV 108-002, doc. no. 5 (S.D. Ga. Jan. 11, 2008); Smith v. Wright, CV 108-143 (S.D. Ga. Oct. 27, 2008).[2] Furthermore, Plaintiff waited until four months after the Court initially notified him of his responsibility for returning the necessary IFP papers to raise this issue with the Court[3] and to return his Consent to the Collection of Fees form – a form entirely within his control that he could have sent in at any time. (Doc. no. 7.) For these reasons, Plaintiff's objection is **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this case is **DISMISSED** without prejudice.

SO ORDERED this 7th day of October, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2]This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

[3]While Plaintiff maintains that he sent a previous letter concerning his inability to complete the necessary paperwork, there is no record of such a letter having been submitted.

2